1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    ThermoLife International, LLC, an Arizona          No. CV-12-01466-PHX-DGC
     limited liability company,

10                    Plaintiff,                        **ORDER**

11   v.

12   Hi-Tech Pharmaceuticals, Inc., a Georgia
     corporation,

13

14                    Defendant.

15          On September 4, 2012, Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") filed a motion

16   to dismiss or, in the alternative, a motion to stay pending patent reexamination.  Doc. 11.

17   ThermoLife International, LLC. ("ThermoLife") filed its response on October 11, 2012,

18   together with a motion to amend its complaint.  Doc. 19.  Hi-Tech then filed its reply.

19   Doc. 23.  For the reasons that follow, the Court will grant Hi-Tech's motion to stay

20   pending patent reexamination, deny Hi-Tech's motion to dismiss without prejudice, and

21   permit ThermoLife to amend its complaint after the patent reexamination is completed.

22   **I.     Background.**

23          ThermoLife holds two U.S. Patents relating to the use of creatine nitrate to

24   increase vasodilation in humans (No. 7,777,074 and No. 8,178,572).  Doc. 1 ¶¶ 1, 3.  The

25   patented compound is typically used in dietary supplements, and ThermoLife claims that

26   Hi-Tech has knowingly violated ThermoLife's patents by manufacturing and selling its

27   own line of products containing creatine nitrate and by selling creatine nitrate as a raw

28   material to other companies who include it in dietary supplements.  *Id.* ¶¶ 25-28.

1      Before the present suit was filed, Gaspari Nutrition Inc., a third party, filed a
2   request with the U.S. Patent office to reexamine patent No. 7,777,074.  Doc. 11 at 2.
3   Citing the reexamination, Hi-Tech moved to dismiss the case or, in the alternative, stay it
4   pending the outcome of the reexamination.  Doc. 11.  ThermoLife concedes that the case
5   should be stayed, but argues against dismissal and also moves to amend its complaint.
6   Doc. 19 at 2.

7   **II.     Legal Standard.**

8      "[C]ourts have inherent power to stay their proceedings pending the reexamination
9   of a patent."  *Medicis Pharm. Corp. v. Upsher-Smith Laboratories, Inc.,* 486 F.Supp.2d
10  990, 993 (D.Ariz.2007) (citing *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342
11  (Fed.Cir.1983)).  Indeed, "there is a liberal policy in favor of granting motions to stay
12  proceedings pending the outcome of USPTO reexamination . . . proceedings."  *Id.*
13  (internal citation and quotation marks omitted).  "In determining whether to stay a case
14  pending reexamination, a court must consider the following factors: (1) whether a stay
15  will simplify the issues in question and trial of the case; (2) whether discovery is
16  complete and whether a trial date has been set; and (3) whether a stay would unduly
17  prejudice or present a clear tactical disadvantage to the nonmoving party."  *Id*. at 993-94.

18  **III.    Analysis.**

19     In another District of Arizona case brought by ThermoLife against another alleged
20  infringer of the two patents, the court granted a stay pending the outcome of the PTO's
21  reexamination of the patent.  *ThermoLife International, LLC v. Vital Pharmaceuticals,*
22  *Inc.,* No. CV-11-2469-PHX-GMS, 2012 WL 3821815 (D. Ariz. Sept. 4, 2012).  The court
23  held that a stay was justified because the PTO determination would simplify the issues
24  presented, the case was still in its early stages, and a stay would not unduly prejudice the
25  nonmoving party.  *Id*.

26     In the face of that decision, ThermoLife now concedes that a stay is appropriate.
27  The only remaining issue is whether ThermoLife should be granted permission to amend
28  its complaint.

1    ThermoLife argues that it may amend as of right because the parties stipulated to

2    an extension of the deadline for its response to the motion to dismiss.  ThermoLife did

3    not, however, move for an extension of the Rule 15(a)(1)(B) deadline, and courts have

4    held that that deadline is enforced separately from Rule 12 response deadlines.  *See e.g.,*

5    *Hayes v. District of Columbia,* 275 F.R.D. 343, 345 (D.D.C. 2011); *Webb v. Republic*

6    *Bank & Trust Co.*, No. 3:11-CV-423-R, 2012 WL 2254205 (W.D. Ky. June 15, 2012).

7    The Court finds that the time limit for amendment as of right has passed.

8    Even though ThermoLife may no longer amend as of right, the Court must "freely

9    give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme

10   Court has instructed that "this mandate is to be heeded."  *Forman v. Davis*, 371 U.S. 178,

11   182 (1962).  The Court will apply this mandate and permit ThermoLife's amendment, but

12   concludes that the amendment should await completion of the patent reexamination.  The

13   reexamination may alter the patents and the claims at issue in this case.  Rather than

14   amend the complaint now and amend it again after reexamination is complete, the Court

15   concludes that only one amendment should be filed.  As a result, ThermoLife may amend

16   its complaint once, within 20 days after completion of the reexamination.[1]  If Hi-Tech

17   believes that the amended complaint is defective, it may file a motion to dismiss after

18   receiving the amended complaint.

19   **IT IS ORDERED:**

20   1.    Hi-Tech's motion to dismiss or, in the alternative, motion to stay pending

21   patent reexamination (Doc. 11), is **granted in part and denied in part**.  The motion to

22   dismiss is denied without prejudice and the motion to stay is granted.

23   2.    ThermoLife's motion to amend its complaint (Doc. 19) is **granted**.

24   ThermoLife may file an amended complaint within 20 days after completion of the patent

25   reexamination.

26   3.    This action is stayed pending resolution of the patent reexamination.

27

28   [1] When filing a future amended complaint, ThermoLife shall not be limited to the changes in the proposed "Amended Complaint."  Doc. 19-1 at 2-19.

- 3 -

1    ThermoLife's counsel is directed to file a status report on or before **February 15, 2013,**

2    and **every 60 days** thereafter until the stay is lifted.

3          4.       Within **five days** of receiving notice of the outcome of the reexamination,

4    ThermoLife shall file and serve a notice of the outcome on this Court and Hi-Tech.

5    ThermoLife shall file an amended complaint within **20 days** of the patent reexamination,

6    and Hi-Tech may, if warranted, respond to the amended complaint with a motion to

7    dismiss.

8          5.       The parties shall place a joint conference call to the Court within **ten days**

9    after the amended complaint is filed to discuss briefing of the motion to dismiss (if any)

10   and a revised case management schedule.

11         Dated this 18th day of December, 2012.

12

13

14

_____

15                    David G. Campbell
                 United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28